United States District Court
Southern District of Texas
FILED
MAR 26 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNTED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. M-19-522 |
| | § | |
| RICHARD QUINTANILLA, | § | |
| | § | |
| Defendant. | § | |

**SEALED INDICTMENT**

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**18 U.S.C. § 1349**
**(Conspiracy to Commit Honest Services Wire Fraud)**

At all times relevant to this Indictment:

**Relevant Individuals and Entities**

1. Defendant **RICHARD QUINTANILLA** was a businessman who lived and worked in Weslaco, Texas.

2. Co-Conspirator A was a resident of Starr County, Texas.

3. Commissioner A was a resident of Weslaco, Texas and an elected member of the Weslaco City Commission.

4. Company A was an international engineering and construction company that performed large-scale infrastructure projects for public and private clients.

5. Company B was an engineering company based in San Antonio, Texas. Person B was the owner of Company B.

6. Company C was an engineering company based in McAllen, Texas.

## General Allegations

The Weslaco City Commission

7. The Texas Constitution, the laws of the State of Texas, and the charter of the City of Weslaco, established ethical standards of conduct for elected public officials, including Weslaco City Commissioners. These standards included an oath to faithfully execute the duties of the office of Commissioner and to preserve, protect, and defend the Constitution and the laws of the United States and the State of Texas. Accordingly, Weslaco City Commissioners owed a fiduciary duty to the City of Weslaco, the Weslaco City Commission, and the people of the City of Weslaco..

8. As an official in the city government, Commissioner A owed a fiduciary duty to the City of Weslaco and to its citizens to perform the duties and responsibilities of his office free from corrupt influence. As an elected official in the State of Texas, Commissioner A swore to uphold the United States Constitution, the Texas Constitution, and the laws of the State of Texas and to faithfully execute the duties of his office.

The Weslaco Water Treatment Facilities

9. In or about 2004, the Texas Commission on Environmental Quality ("TCEQ") notified the City of Weslaco that its water treatment facilities were in violation of Texas environmental regulations. The city's water treatment facilities included the Water Treatment Plant (WTP), which processed the city's potable water, and the North Wastewater Treatment Plant (NWWTP) and South Wastewater Treatment Plant (SWWTP).

10. In or about 2007, the commission voted to issue approximately $28 million in municipal bonds to finance several infrastructure projects in the Weslaco area. The two largest and costliest projects to be paid for by the bond funds were to rebuild the NWWTP and to perform repairs to the WTP.

11. In or about 2008, the commission hired Company A to act as the construction manager for the infrastructure projects to be funded by the bond issuance. Under the contract, Company A would effectively select the companies to perform the infrastructure work to be paid for with the bond funds.

## THE CONSPIRACY

12. From in or about August 2011 through in or about December 2016, in the Southern District of Texas and elsewhere, the defendant,

**RICHARD QUINTANILLA,**

Co-Conspirator A, and Commissioner A, did knowingly combine, conspire, confederate, and agree with one another, and with others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud and to deprive, by means of material false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, and sounds for the purpose of executing the scheme and artifice to defraud and deprive, that is, to deprive the City of Weslaco, the Weslaco City Commission, and the citizens of Weslaco of their right to the honest services of Commissioner A through bribery, in violation of 18 U.S.C. §§ 1343 and 1346.

## THE SCHEME TO DEFRAUD

13. From in or about August 2011 through in or about December 2016, in the Southern District of Texas and elsewhere, the defendant, **RICHARD QUINTANILLA**, Co-Conspirator A, Commissioner A, and others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud and to deprive the City of Weslaco, the Weslaco City Commission, and the citizens of Weslaco of their intangible right to the honest services of Commissioner A, an elected official, through bribery.

## PURPOSE OF THE CONSPIRACY

14. The purposes of the conspiracy included, but were not limited to, the following:

a. For **RICHARD QUINTANILLA** to enrich himself by keeping a portion of the bribe funds paid to him by Co-Conspirator A and then pay the remainder of the bribe funds to Commissioner A;

b. For Commissioner A to enrich himself by accepting bribes in exchange for using his official position as a Weslaco City Commissioner to take official acts to benefit and help Company A, Company B, and Company C obtain millions of dollars in contracts from the City of Weslaco; and

c. For Co-Conspirator A to enrich himself by keeping a portion of the bribe funds paid by Company B and Company C.

## MANNER AND MEANS OF THE CONSPIRACY

15. The manner and means by which the defendants carried out the conspiracy included, but were not limited to, the following:

a. **RICHARD QUINTANILLA** and Co-Conspirator A corruptly gave, offered, and promised things of value to Commissioner A, including tens of thousands of dollars in cash, in exchange for specific official action favorable to Company A, Company B, and Company C, including votes authorizing multi-million dollar contracts for water treatment facilities in the City of Weslaco.

b. **RICHARD QUINTANILLA**, Co-Conspirator A, Commissioner A, and other co-conspirators met at various locations in the Southern District of Texas and elsewhere, to discuss the official action that Commissioner A should take to benefit Company A, Company B, and Company C, and to discuss the payment of bribes.

c. In order to conceal the scheme, **RICHARD QUINTANILLA**, Co-Conspirator A, and Commissioner A took steps to anonymously funnel the bribe payments to Commissioner A in a manner to avoid detection that the payments came from Company B and Company C, including the following:

i. Co-Conspirator A received payments from Company B and Company C, as well as payments from Company A that were passed through Company B and Company C, for the purpose of paying bribes to Commissioner A, disguised as consulting fees due to Co-Conspirator A.

ii. From in or about August 2011 to in or about October 2014, Co-Conspirator A wrote a total of approximately $85,950 in checks to **RICHARD QUINTANILLA** drawn on Co-Conspirator A's accounts at Lone Star National Bank.

iii. **RICHARD QUINTANILLA** converted the checks from Co-Conspirator A to cash at Lone Star National Bank and shared approximately half of the cash with Commissioner A.

d. Commissioner A cast votes, at the direction of Co-Conspirator A, **RICHARD QUINTANILLA**, and their co-conspirators, to award contracts and payments to Company A, Company B, and Company C, or to benefit Company A, Company B, and Company C in the execution and administration of their contracts with the city.

e. In or about 2016, Co-Conspirator A, **RICHARD QUINTANILLA**, and their co-conspirators provided Commissioner A with questions to ask of other city commissioners and city officials, and which were intended to benefit Company B, during

a dispute between the City of Weslaco and Company B over the City of Weslaco's refusal to pay Company B's invoices for the WTP.

f. **RICHARD QUINTANILLA**, Co-Conspirator A, Commissioner A, and their co-conspirators used wire communications in interstate commerce, such as mobile messaging applications, email, and interstate bank transfers, in furtherance of the scheme to defraud.

## OVERT ACTS

16. In furtherance of the conspiracy and in order to accomplish its objects, **RICHARD QUINTANILLA**, Co-Conspirator A, Commissioner A and their co-conspirators committed the following overt acts, among others, in the Southern District of Texas and elsewhere:

17. On or about August 16, 2011, Commissioner A voted to declare that the WTP was exceeding capacity and failing to meet public water demand, thereby creating an imminent threat to public health and safety. This declaration allowed the commission to bypass ordinary bidding and qualification procedures to move forward with construction to address violations issued by TCEQ.

18. On or about September 8, 2011, Commissioner A voted in favor of a motion for the city manager to negotiate a contract with Company B for the design of an expansion to the WTP and associated projects.

19. On or about September 8, 2011, Commissioner A voted to authorize the city manager to negotiate a preconstruction services contract with Company A for the WTP.

20. On or about October 6, 2011, Commissioner A voted to approve a professional services agreement with Company B for the design of the WTP and a professional services agreement with Company A for the pre-construction services for the WTP.

21. On or about March 27, 2012, Commissioner A voted to authorize the mayor to execute a contract, valued at approximately $38.5 million, with Company A for the expansion of the WTP and to authorize city staff to amend the city budget to accommodate the $38.5 million contract with Company A.

22. On or about June 5, 2012, Commissioner A voted to approve the City of Weslaco's entering into a professional services agreement with Company C.

23. On or about July 16, 2013, Commissioner A voted to amend the city's contract with Company B to authorize Company B to prepare a preliminary engineering report for repairs to the SWWTP.

24. From in or about September 15, 2011 to in or about October 22, 2014, Co-Conspirator A wrote approximately 41 checks drawn on Lone Star National Bank Acct. Nos. ****9303, ****5069, and ****9214 to **RICHARD QUINTANILLA**, in the amount of approximately $500 to approximately $5,000 each, for a total of $85,950, so that **RICHARD QUINTANILLA** could make bribe payments to Commissioner A. **RICHARD QUINTANILLA** converted these checks to cash at a Lone Star National Bank branch.

25. In or about February 2016, Co-Conspirator A sent to **RICHARD QUINTANILLA,** via electronic messages over a cellular telephone, questions that Co-Conspirator A wanted Commissioner A to ask in upcoming city commission meetings. These questions were crafted to benefit Company B in its attempts to recover payments for the WTP from the City of Weslaco, after the city stopped paying Company B.

All in violation of Title 18, United States Code, Sections 1343, 1346, and 1349.

**COUNTS TWO to SEVEN**
**18 U.S.C. §§ 1343, 1346**
**(Honest Services Wire Fraud)**

26. Paragraphs 1-25 are incorporated by reference as though fully set forth herein.

27. From in or about August 2011 and continuing through in or about December 2016, in the Southern District of Texas and elsewhere, the defendant,

**RICHARD QUINTANILLA,**

Co-Conspirator A, Commissioner A, and others known and unknown to the grand jury, devised and intended to devise a scheme and artifice to defraud the City of Weslaco, the Weslaco City Commission, and the citizens of Weslaco of their intangible right to the honest services of Commissioner A through bribery; to wit, on or about the dates set forth below, in the Southern District of Texas and elsewhere, the defendants, for the purpose of executing and attempting to execute the scheme and artifice to defraud and deprive, transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce the following writings, signs, signals, pictures and sounds:

| COUNT | DATE | NATURE OF WIRE |
|---|---|---|
| 2 | April 25, 2014 | Email from Person B to an employee of the City of Weslaco regarding amendments to the WTP. |
| 3 | May 18, 2015 | Email from Co-Conspirator A to Person B regarding argument to make to the City as to the benefits of the SWWTP. |
| 4 | July 6, 2015 | Email from Co-Conspirator A to Person B regarding arguments to make to the City as to the benefits of the WTP. |
| 5 | September 2, 2015 | Email from employee of Company B to an employee of the City of Weslaco and Person B submitting a monthly status report on the WTP. |

| | | |
|---|---|---|
| 6 | October 5, 2015 | Email from employee of Company B to an employee of the City of Weslaco and Person B submitting a monthly status report on the WTP. |
| 7 | December 21, 2015 | Email from employee of Company B to an employee of the City of Weslaco and Person B submitting invoices for work conducted on the WTP. |

All in violation of Title 18 United States Code, Sections 1343, 1346, and 2.

**COUNT EIGHT**
**18 U.S.C. § 666(a)(2)**
**(Federal Program Bribery)**

28. Paragraphs 1-25 of this Indictment are re-alleged as if fully set forth herein.

29. From in or about August 2011, up to and including in or about October 2014, in the Southern District of Texas and elsewhere within the jurisdiction of the court, the defendant,

**RICHARD QUINTANILLA,**

did corruptly give, offer, or agree to give a thing of value to any person intending to influence and reward an agent of the City of Weslaco, a local government that received benefits in excess of $10,000 pursuant to a Federal program involving a grant, contract, subsidy, loan guarantee, and other forms of Federal assistance in 2014, in connection with any business, transaction, or series of transactions of such State government and agency involving something of value of $5,000 or more: namely, the defendant gave, offered, and agreed to give cash to Commissioner A, a public official of the City of Weslaco, intending to influence and reward Commissioner A in connection with the contracts for the construction and rehabilitation of the city's water treatment facilities.

All in violation of Title 18, United States Code, Sections 666(a)(2) and 2.

**COUNT NINE**
**18 U.S.C. § 1956(h)**
**(Conspiracy to Launder Monetary Instruments)**

30. Paragraphs 1-25 of this Indictment are re-alleged as if fully set forth herein.

31. From in or about August 2011 and continuing through in or about December 2016, in the Southern District of Texas and elsewhere, the defendant,

**RICHARD QUINTANILLA,**

Co-Conspirator A, and Commissioner A did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the grand jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), to wit: to knowingly conduct and attempt to conduct a financial transaction which in fact involved the proceeds of specified unlawful activity, that is, bribery of a public official, knowing that the transaction was designed in whole or in part to promote specified unlawful activity and conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(h).

**COUNTS TEN to SEVENTEEN**
**18 U.S.C. § 1956(a)**
**(Money Laundering)**

32. Paragraphs 1-25 of this Indictment are re-alleged as if fully set forth herein.

33. On or about the dates listed below, in the Southern District of Texas and elsewhere, the defendant,

**RICHARD QUINTANILLA,**

knowing that the property involved in the financial transactions listed below represented the proceeds of some form of unlawful activity, that is, bribery of a public official, knowingly and

willfully conducted and caused to be conducted the financial transactions designed in whole or in part to promote specified unlawful activity and conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, with each transaction affecting interstate commerce, in that the defendant withdrew funds from the bank account at the financial institutions identified below:

| Count | Date (on or about) | Financial Transaction | Total Amount of Transaction |
|---|---|---|---|
| 10 | April 16, 2014 | Conversion of check #1703, drawn on Lone Star National Bank Acct. No. ****9303, made out to **RICHARD QUINTANILLA,** to cash at Lone Star National Bank. | $2,000 |
| 11 | May 8, 2014 | Conversion of check #1590, drawn on Lone Star National Bank Acct. No. ****9303, made out to **RICHARD QUINTANILLA**, to cash at Lone Star National Bank. | $2,000 |
| 12 | June 16, 2014 | Conversion of check #1544, drawn on Lone Star National Bank Acct. No. ****9303, made out to **RICHARD QUINTANILLA**, to cash at Lone Star National Bank. | $2,000 |
| 13 | July 31, 2014 | Conversion of check #1631, drawn on Lone Star National Bank Acct. No. ****9303, made out to **RICHARD QUINTANILLA**, to cash at Lone Star National Bank. | $2,000 |
| 14 | August 9, 2014 | Conversion of check #1636, drawn on Lone Star National Bank Acct. No. ****9303, made out to **RICHARD QUINTANILLA**, to cash at Lone Star National Bank. | $5,000 |
| 15 | August 18, 2014 | Conversion of check #1642, drawn on Lone Star National Bank Acct. No. ****9303, made out to **RICHARD QUINTANILLA**, to cash at Lone Star National Bank. | $2,000 |
| 16 | September 5, 2014 | Conversion of check #1634, drawn on Lone Star National Bank Acct. No. ****9303, made | $5,000 |

| | | | |
|---|---|---|---|
| | | out to **RICHARD QUINTANILLA**, to cash at Lone Star National Bank. | |
| 17 | October 22, 2014 | Conversion of check #1739, drawn on Lone Star National Bank Acct. No. ****9303, made out to **RICHARD QUINTANILLA**, to cash at Lone Star National Bank. | $2,000 |

All in violation of Title 18, United States Code, Section 1956(a)

**COUNT EIGHTEEN**
**18 U.S.C. § 1952**
**(Travel Act)**

34. Paragraphs 1-25 of this Indictment are re-alleged as if fully set forth herein.

35. On or about February 2, 2016, in the Southern District of Texas and elsewhere, the defendant,

**RICHARD QUINTANILLA,**

knowingly and willfully did use and cause to be used a facility in interstate and foreign commerce, namely a telephone and a wire and electronic communication, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely bribery, contrary to Article XVI, § 41 of the Texas Constitution and Texas Penal Code § 36.02, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of the above unlawful activity.

All in violation of Title 18, United States Code, Section 1952(a)(3).

**NOTICE OF CRIMINAL FORFEITURE**
**18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)**

1. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States gives notice to the defendant,

**RICHARD QUINTANILLA,**

that upon conviction of an offense in violation of Title 18, United States Code, Sections 1343, 1349, 666, 1956, and 1952, as charged in Counts 1 through 18 of this Indictment, all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, is subject to forfeiture.

Property Subject to Forfeiture

The property subject to forfeiture is approximately $85,950. In the event that a condition listed in Title 21, United States Code, Section 853 exists, the United States will seek to forfeit any other property of the defendant in substitution up to the total value of the property subject to forfeiture. The United States may seek the imposition of a money judgment.

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
United States Attorney

Roberto Lopez, Jr.
Assistant United States Attorney
Southern District of Texas
Email: Roberto.Lopez2@usdoj.gov

ANNALOU TIROL
Acting Chief
Public Integrity Section

Peter M. Nothstein
Jessica C. Harvey
Trial Attorneys
Public Integrity Section, Criminal Division
Email: Peter.Nothstein@usdoj.gov
Email: Jessica.Harvey@usdoj.gov