UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNTED STATES OF AMERICA § | |
| § | |
| v.   § | CRIMINAL NO. 19-CR-522 |
| § | |
| RICARDO QUINTANILLA, et al. § | |
| § | |
| Defendants.   § | |

**OPPOSED MOTION FOR CONTINUANCE
AND TO DESIGNATE CASE AS COMPLEX**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas and the Acting Chief of the Public Integrity Section of the Criminal Division of the Department of Justice and respectfully submits this Motion for Continuance and to Designate Case as Complex. Counsel for defendants Arturo C. Cuellar, Jr. and John F. Cuellar have indicated to the government that they do not oppose this motion. Counsel for defendants Daniel J. Garcia and Ricardo Quintanilla have indicated to the government that they oppose this motion.

**FACTS**

On March 26, 2019, a Grand Jury sitting in the Southern District of Texas, McAllen Division, returned an 18-count indictment [Dkt. 1] against defendant Ricardo Quintanilla, charging him with one count of conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349; six counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346; one count of federal program bribery, in violation of 18 U.S.C. § 666(a)(2); one count of conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h); eight counts of

money laundering, in violation of 18 U.S.C. § 1956(a); and one count of violating the Travel Act, in violation of 18 U.S.C. § 1952. Defendant Quintanilla was arraigned on that indictment on April 1, and on that same day, the Court scheduled jury selection for defendant Quintanilla's trial to commence on May 7, 2019.

On April 9, 2019, a Grand Jury sitting in the Southern District of Texas, McAllen Division, returned a 74-count superseding indictment [Dkt. 30] against defendants Quintanilla, Arturo C. Cuellar, Jr., John F. Cuellar, and Daniel J. Garcia. The superseding indictment charges all defendants with one count of conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349; six counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346; and one count of conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h). Defendants Quintanilla, Arturo Cuellar, and John Cuellar are charged with one count each of federal program bribery, in violation of 18 U.S.C. § 666. Defendant Quintanilla is charged with eight counts of money laundering, and defendants Arturo Cuellar, Jr. and John Cuellar are charged with 27 counts of money laundering, all in violation of 18 U.S.C. § 1956(a). Defendant Quintanilla is charged with one count, and defendants Arturo Cuellar, Jr. and John Cuellar are charged with 27 counts, of violating the Travel Act, in violation of 18 U.S.C. § 1952.

In addition to adding new defendants and counts, the superseding indictment adds new factual allegations pertinent to all four defendants. All four defendants were arraigned on the superseding indictment on April 18, 2019, and entered pleas of not guilty to all charges. The Court entered a scheduling order setting jury selection for June 4, 2019.[1]

The current charges against the defendants involve a long-running and complicated bribery and money laundering scheme involving three water treatment plants in the city of

---

[1] On May 1, 2019, this Court granted the government's Unopposed Motion for Continuance [Dkt. 44], setting defendant Quintanilla on the sane trial schedule as the remaining defendants.

Weslaco. The projects and financial transactions at issue are complex, spanning approximately eight years and involving several companies and financial institutions. The evidence collected by the government is voluminous, consisting of over 125,000 pages of records provided or made available to defense counsel, more than 100 law enforcement recordings, approximately one dozen boxes of hard copy records, hundreds of tapes of recordings of the Weslaco City Commission, and several voluminous repositories of electronic information, comprised of cell phones, hard drives, and online accounts.

The evidence is voluminous and complex and will likely require several months to prepare for trial. In order to provide all counsel with adequate time to prepare for trial, the government is requesting that this Court designate this case as complex and continue all scheduled dates by at least 180 days.

## ARGUMENT

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., requires that federal criminal defendants pleading not guilty be tried within seventy days of their indictment or their first appearance before a judicial officer, whichever occurs last. 18 U.S.C. § 3161(c)(1); *United States v. Kingston*, 875 F.2d 1091, 1107 (5th Cir. 1989). If the defendant is not brought to trial within this period, then the indictment must be dismissed. Title 18 U.S.C. § 3162(a)(2). The Act, however excludes from the calculation of this 70-day period certain specified delays, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. §3161(h)(8)(A). "No such period of delay . . . shall be excludable . . . unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that

the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*.

In granting such an "ends of justice" continuance, the court must consider at least one of the factors specified by the Act. *United States v. Ortega-Mena*, 949 F.2d 156, 159 (5th Cir. 1991). The factors applicable to this case include:

> (i) Whether the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by [the Speedy Trial Act]. . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would . . . deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii) & (iv).

In this case, the government and counsel for the unopposed defendants seek a designation of the case as "unusual and complex." As indicated, this case involves voluminous discovery and complex issues, and as such, it would be within the Court's discretion to designate this case as a complex case, under which the ends of justice would require a tolling of the Speedy Trial Act.

Alternatively, the government and counsel for the unopposed defendants submit that the volume of discovery and complex issues in this case require further time for trial preparation both by the government and defendants. It is reasonable to believe that an analysis of this information as it relates to the current counts, its admissibility, and its impact on the case as a whole will take more than the days allotted under the Speedy Trial Act.

As has been recognized by the Fifth Circuit, a complex case designation based on the volume

of discovery and the complexity of the case is consistent with cases interpreting the relevant provision of the Speedy Trial Act. *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002), *citing United States v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994) (finding that "[a]n ends-of-justice continuance may be justified on grounds that one side needs more time to prepare for trial"); *United States v. Chalkias,* 971 F.2d 1206, 1211 (6th Cir. 1992) (upholding the grant of a continuance based on the complexity of an interstate cocaine conspiracy); *United States v. Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985) (upholding the complexity of a mail fraud prosecution as a proper ground for the granting of a continuance); *United States v. Thomas,* 774 F.2d 807, 811 (7th Cir. 1985) (upholding an ends-of-justice continuance based on the complexity of a fraud case with numerous defendants and thousands of financial documents).

Furthermore, insofar as "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," *Zafiro v. United* States, 506 U.S. 534, 537 (1993), the government requests that all four defendants should be kept on the same trial schedule. *See also United States v. Romanello*, 726 F.2d 173, 177 (5th Cir. 1984) ("P]ersons indicted together should ordinarily be tried together.").

Therefore, the government respectfully requests that the Court certify the case as complex and continue all dates by at least 180 days.

## CONCLUSION

WHEREFORE, premises considered, the government prays its Motion be granted in all respects.

Respectfully submitted,

| | |
|---|---|
| RYAN K. PATRICK | ANNALOU TIROL |
| United States Attorney | Acting Chief, Public Integrity Section |
| | |
| */s/ Roberto Lopez, Jr.* | */s/ Peter M. Nothstein* |

| | |
|---|---|
| Roberto Lopez, Jr. | Peter M. Nothstein |
| Assistant United States Attorney | Jessica C. Harvey |
| State Bar No. 24074617 | Trial Attorneys |
| 1701 West Business 83, Suite 600 | Public Integrity Section, Criminal Division |
| McAllen, Texas 78501 | Email: Peter.Nothstein@usdoj.gov |
| Phone: 956-618-8010 | Email: Jessica.Harvey@usdoj.gov |
| Fax:  956-618-8009 | (202) 514-2401 |
| | Peter.Nothstein@usdoj.gov |
| | Jessica.Harvey@usdoj.gov |

## CERTIFICATE OF CONFERENCE AND SERVICE

  I hereby certify that on this 7th day of May, 2019, I conferred with counsel for defendants. Counsel for defendants Arturo C. Cuellar, Jr. and John F. Cuellar indicated they are in agreement with said motion.  The government has also electronically filed the foregoing document, Agreed Motion for Continuance and Designation as Complex Case, with the Clerk of the Court using the CM/ECF System, which will, in turn, send notification of said filing to all counsel of record through the CM/ECF System.

            */s/ Peter M. Nothstein*
            Peter M. Nothstein
            DOJ Trial Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNTED STATES OF AMERICA § § § | |
| v. § | CRIMINAL NO. 19-CR-522 |
| § § | |
| RICARDO QUINTANILLA, et al. § § § | |
| Defendant. § | |

Came on this date to be considered the Opposed Motion for Continuance and to Designate Case as Complex in the above styled cause, and after considering the same, the Court is of the opinion that it should be granted.

THE COURT HEREBY FINDS the ends of justice will be served by granting the continuance and such ends of justice outweigh the interests of the public and the defendant in a speedy trial, based on the following factors:

(1)     The issues and facts in this case are unusual and complex, such that it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act; and

(2)     In the alternative, given the volume of discovery in this case, including but not limited to documents, financial records, electronic evidence, recordings, and transcripts, adherence to the time limits prescribed in the Speedy Trial Act will deny counsel for both Defendants and the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence by both parties.

IT IS HEREBY ORDERED that:

(1)     The final pretrial conference in the above-captioned matter is continued until _____, 2019 at _____ a.m./p.m.;

(2) Jury selection in this case shall commence on _____, 2019 at _____ a.m./p.m.;

(3) Motions shall be filed no later than _____, 2019;

(4) Responses to motions shall be filed no later than _____, 2019;

(5) Motions for continuance shall be filed no later than _____, 2019; and

(6) Motions for continuance shall be filed no later than _____, 2019.

IT IS FURTHER ORDERED that the time period between the filing of the government's instant motion and the commencement of trial in the instant matter is excludable under the provisions of Title 18, United States Code, Section 3161.

Signed this _____ day of _____, 2019.

 

 

_____
HON. MICAELA ALVAREZ
UNITED STATES DISTRICT JUDGE