UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| **UNTED STATES OF AMERICA** § | |
| § | |
| v. § | **CRIMINAL NO. 19-CR-522** |
| § | |
| **RICARDO QUINTANILLA, et al.** § | |
| § | |
| **Defendants.** § | |

### GOVERNMENT'S OPPOSITION TO MOTION TO RECUSE UNITED STATES JUDGE MICHAELA ALVAREZ

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas and the Acting Chief of the Public Integrity Section of the Criminal Division, and respectfully submits this Opposition to defendant Arturo C. Cuellar, Jr.'s Motion to Recuse United States District Judge Michaela Alvarez [Dkt. 56], which is unopposed by the other defendants. As is more fully discussed herein, the defendant argues that Judge Alvarez must recuse herself because several years ago, she was involved in a routine and unremarkable civil lawsuit with a company owned by the defendant. That lawsuit settled out of court without incident. The defendant fails to identify any instances of animosity or bias by Judge Alvarez, and does not allege any contact between Judge Alvarez and himself, either during or after the litigation. The motion is baseless and should be denied.

### Facts

The defendant describes an unremarkable situation and a routine civil settlement. In 2015, an individual—Judge Alvarez—was involved in a traffic accident with a driver employed by a corporation—J-III Trucking Co., Inc., owned by the defendant. Mot. at 2. Judge Alvarez sued the corporation, and its registered agent was served with the lawsuit. *Id.* Judge Alvarez also made a

demand on the corporation's insurer. *Id.* Less than one year later, Judge Alvarez, the corporation, and the insurer settled the claim out of court for a mutually agreed upon sum and full and final releases of all claims by all parties against each other. *Id.*

## Legal Standard

The defendants rely upon 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Although Section 455(b) requires judges to recuse themselves under the specific circumstances identified in that subsection, including "[w]here he has a personal bias or prejudice concerning a party," the defendants point to no such conflicts here.

Recusals under Section 455 generally fall within two general categories: those based on the judge's conduct and those based on the judge's relationship to the parties, the counsel, or the matter. Section 455 does not prescribe a formal procedure by which a party must raise recusal. Rather, it requires the movant to demonstrate generally that "a reasonable man, cognizant of the relevant circumstances surrounding [the] judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality." *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999) (citing *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998)). Whether to recuse from a case lies within the discretion of the court. *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999).

**Argument**

The defendant alleges no specific conduct by the Court that mandates recusal.[1] Moreover, the cases upon which he relies are inapposite.[2] Because no reasonable person would harbor legitimate doubts about Judge Alvarez's impartiality, the defendant's motion should be denied.

The defendant's sole basis for doubting Judge Alvarez's impartiality is that she sued Arturo Cuellar, Jr.'s company after a traffic accident. But the mere fact that the judge and a party were previously litigants does not alone create an appearance of impropriety mandating recusal. *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."); *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) ("It is clear that a judge is not disqualified under 28 U.S.C. § 455 merely because a litigant sues him."); *United States v. Blohm*, 579 F. Supp. 495, 505 (S.D.N.Y. 1983) ("Several courts have already rejected the proposition that such a suit against the presiding judge is sufficient to require disqualification under § 455."). In these instances, disqualification was not required even after litigants accused judges of wrongdoing and ultimately sued them. It stands to reason that a judge may be perceived as taking significant umbrage at such accusations, to say nothing of

---

[1] Should the defendant make such an argument, it should be dismissed out of hand. The cases he cites that concern a judge's conduct describe egregious and offensive behavior. *See Offutt v. United States*, 348 U.S. 11 (1954) (directing the district court to assign a different trial judge on remand due to the trial judge's repeated antagonistic behavior toward the parties during trial); *United States v. Brown*, 539 F.2d 467 (1976) (ordering a new trial before a different trial judge where evidence surfaced after a criminal trial that the trial judge said, prior to the trial, that "he was going to get that [racial slur].").

[2] Two of the five cases cited by the defendant concern recusal because of a judge's actions (*see* p.2 n.1, *supra*); two deal with recusal because of a judge's relationship to a litigant (*see* pp. 5-6, *infra*). The fifth and final case did not apply Section 455. *See Rapp v. Van Dusen*, 350 F.2d 806, 810-11 (1965) ("The conclusion we have reached makes it unnecessary to decide whether Judge Van Dusen's conduct falls within the prohibition of 28 U.S.C. § 455."); Mot. at 4.

the lawsuits that resulted. Even so, such judges may nonetheless continue to preside; the appearance of impropriety does not necessarily follow.

By comparison, the lawsuit between Judge Alvarez and the defendant's corporation was far less personal. The defendant did not impugn Judge Alvarez's integrity, challenge her professional judgment, or publicly file a lawsuit accusing her of wrongdoing. Likewise, Judge Alvarez did not make any allegations about the defendant at all. He was not involved in the car accident—and contrary to the defendant's allegations, the lawsuit was not filed against him. The defendant incorrectly alleges that "Judge Micaela Alvarez received but a fraction of the amount sought in litigation against Arturo C. Cuellar, Jr. or $60,000.00" and that Judge Alvarez made "a demand for $1,000,000.00 . . . from Arturo C. Cuellar, Jr.'s insurance carrier." Mot at 4. These statements are inaccurate. The lawsuit was filed against J-III Trucking Co., Inc., not the defendant himself. Mot at Ex. E, F. Moreover, the insurance carrier insured the corporation, not the defendant personally. Mot at Ex. D. A company and its owners are discrete legal entities. Indeed, the very purpose of corporations is to create a legal separation between a business and its owners. The defendant's attenuated involvement occurred only through the corporation. That his business employed a driver who was in a car accident with Judge Alvarez does not jeopardize her ability to fairly preside over this matter, nor would it cause a reasonable person to doubt her integrity in doing so.

Furthermore, the defendants have not alleged any facts beyond the mere existence of the lawsuit that that call the Court's impartiality into question. They cannot do so, because there was no personal connection between Judge Alvarez and the defendant during the civil litigation.[3] As

---

[3]   The defendant's suggestion that Judge Alvarez "may have" recused herself because of the lawsuit in *Gregorio Trevino, Jr. v. Hidalgo County, Texas*, et al., Civil Action No. 7:15-CV-00435, is pure speculation unsupported by the record. Mot at 4. The order transferring the case plainly

noted above, the defendant was served with the lawsuit in his capacity as resident agent of the corporation, not in his personal capacity (*see* Mot, Ex. F).  Judge Alvarez made no allegation of involvement—much less wrongdoing—by Arturo Cuellar, Jr.  In addition, the defendant does not allege that the litigation was contentious or acrimonious.  The only suggestion of potential wrongdoing was an allegation that an employee of the corporation pressured a police officer to change his report.  That allegation has nothing to do with the defendant.  And finally, the defendant does not allege any direct contact between himself Judge Alvarez and Arturo Cuellar, Jr. during the litigation.

The Fifth Circuit instructs that because recusal claims are "fact driven," looking to other cases is of little benefit:  "[T]he analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." *Bremers*, 195. F.3d at 226 (citing *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)).  This principle notwithstanding, the defendant cites two cases in which recusal has been required based on the relationship between the court and a party before it.  Neither is apposite.

In *Health Services Acquisition Corp. v. Lileberg*, 796 F.2d 796, 798-99 (1986), the Fifth Circuit held that the trial judge should have recused himself.   The appellate court found that the trial judge knew or should have known that the university on whose board of trustees he sat was in business negotiations with one of the litigants and that the litigation's outcome would directly affect that transaction.  The *Lileberg* judge had an active stake in the university's success.  Consequently, a reasonable observer may have questioned whether the court's interest in the

---

states that the transfer is "for the sake of judicial economy." *Trevino*, 7:15-CV-00435, Dkt. 10. Notably, in that case, which was much closer in time to the lawsuit than this case, defendant Arturo C. Cuellar, Jr. did not move for Judge Alvarez to recuse herself.

5

litigation colored its decisions. *See id.* at 800. By contrast, Judge Alvarez has no ongoing financial interest in the defendant or his business: she released the corporation from any current or future liability related to the 2015 accident over three years ago. To be sure, the criminal case against the defendant cannot undermine the parties' "full, final and complete settlement" or revive the claims that Judge Alvarez has released. *See* Ex. 8 at 2. *Lileberg*'s reasoning does not apply here.

    The defendant also errantly relies upon *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1108-09 (5th Cir. 1980), another case involving a judge's ongoing financial interest in the case—this time, because the judge's father was a partner at a law firm participating in the litigation. In addition, the judge himself had been a partner at the firm, and at the time of the litigation, he was being personally represented by the chief trial counsel of one of the parties. For these reasons, the Fifth Circuit held that the judge should have disqualified himself. But again, Judge Alvarez's settlement is a far cry from the deep and ongoing familial, financial, and personal interests present in *Potashnick*. To the contrary, Judge Alvarez's interaction with the defendant's corporation appears to have been at arms' length from start to finish. As discussed above, she never sued the defendant personally, but instead made a demand against the corporation's insurer.

    The defendants argue that Judge Alvarez should recuse herself simply because she is aware that the defendant owns a company with which she resolved a lawsuit out of court. He does not allege any action, either in the lawsuit or after, that even hints at bias or partiality against him. Moreover, he cites no law that compels—or even advises—recusal on these facts.

    There is a "presumption of honesty and integrity in those serving as adjudicators." *United States v. Jones*, EP-09-CR-1567-FM, 2009 WL 10680037 (W.D. Tex. Nov. 16, 2009) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). The defendant has failed to overcome this presumption. His motion should be denied.

## CONCLUSION

WHEREFORE, premises considered, the government prays that defendants' Motion to Recuse United States District Judge Michaela Alvarez [Dkt. 56] be denied.

Respectfully submitted,

| | |
|---|---|
| RYAN K. PATRICK | ANNALOU TIROL |
| United States Attorney | Acting Chief, Public Integrity Section |
| | |
| */s/ Roberto Lopez, Jr.* | */s/ Peter M. Nothstein* |
| Roberto Lopez, Jr. | Peter M. Nothstein |
| Assistant United States Attorney | Jessica C. Harvey |
| State Bar No. 24074617 | Trial Attorneys |
| 1701 West Business 83, Suite 600 | Public Integrity Section, Criminal Division |
| McAllen, Texas 78501 | Email: Peter.Nothstein@usdoj.gov |
| Phone: 956-618-8010 | Email: Jessica.Harvey@usdoj.gov |
| Fax:  956-618-8009 | (202) 514-2401 |
| | Peter.Nothstein@usdoj.gov |
| | Jessica.Harvey@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will, in turn, send notification of said filing to all counsel of record through the CM/ECF System.

                                         */s/ Peter M. Nothstein*
                                         Peter M. Nothstein
                                         DOJ Trial Attorney