# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION

| | | |
|---|---|---|
| UNTED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 19-CR-522 |
| | § | |
| RICARDO QUINTANILLA, et al. | § | |
| | § | |
| Defendants. | § | |

### GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO CONTINUE AND RESPONSE IN OPPOSITION TO DEFENDANT GARCIA'S MOTION FOR SEVERANCE

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas and the Acting Chief of the Public Integrity Section of the Criminal Division and respectfully submits this reply in support of its Motion to Continue and to Designate the Case as Complex, Dkt. 58, and response to Defendant Daniel J. Garcia's Objection to Designating the Case as Complex and in the Alternative Request for Severance, Dkt. 59.

On April 9, 2019, a Grand Jury sitting in the Southern District of Texas, McAllen Division, returned a 74-count superseding indictment [Dkt. 30] charging the defendants with conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349; honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346; federal program bribery, in violation of 18 U.S.C. § 666; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and money laundering, all in violation of 18 U.S.C. § 1956(a).

All four defendants were arraigned on the Superseding Indictment on April 18, 2019, and entered pleas of not guilty to all charges. The Court entered a scheduling order setting the final pretrial conference for May 29, 2019 and jury selection for June 4, 2019.

On May 7, 2019, the government filed its Motion to Continue and to Designate the Case as Complex, Dkt. 58, requesting a complex case designation and a continuance of 180 days. Defendants Arturo C. Cuellar, Jr. and John F. Cuellar did not oppose the motion; defendants Ricardo Quintanilla and Daniel J. Garcia did. On May 8, 2019, defendant Garcia filed h Objection to Designating the Case as Complex and in the Alternative Request for Severance, Dkt. 59.

## I. THE MOTION FOR CONTINUANCE SHOULD BE GRANTED

### A. Legal Standard

Under the Speedy Trial Act, a criminal defendant must be brought to trial within 70 days of his initial appearance on charges unless that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(8)(A). One factor the court may consider in making an "ends of justice" finding is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established" by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

### B. The Ends of Justice Require a Continuance and a Declaration of Complexity

Defendant Garcia claims that this case, which alleges an eight-year conspiracy to bribe two Weslaco City Commissioners to secure their support for three water treatment plants worth tens of millions of dollars, is not complex. He is wrong.

As noted in the government's motion, defendant Garcia is charged in multiple counts of the Superseding Indictment, specifically the honest services wire fraud conspiracy (Count One), the honest services wire fraud scheme (Counts Two through Seven), and the money laundering conspiracy (Count Eleven). *See* Dkt. 58 at 2; Dkt. No. 30. The factual allegations in those counts

cover the entirety of the criminal conduct alleged in the Superseding Indictment, which involves numerous acts of conspiracy, bribery, and fraud involving complex public works contracts and surreptitious payments to influence those contracts.

Indeed, defendant Garcia concedes that "the water treatment plants in Weslaco may themselves be complex." Dkt. 59 at 2. He is correct: over the course of dozens of Weslaco City Commission meetings over nearly a decade, elected officials considered the issues surrounding the city's elaborate municipal water treatment infrastructure. These meetings regularly included technical briefings from professional engineers evaluating the various facilities, their capacity to serve the city's long-term needs, and the city's financial ability to make repairs or improvements. In turn, the Commission took numerous votes to advance these projects, many of which were influenced by bribe payments. At trial, the government must explain these projects and votes to the jury in sufficient detail to convey the motive behind the bribes and the official acts that the bribe payments purchased.

Furthermore, the Superseding Indictment alleges that for nearly a decade, the defendants contrived intricate financial transactions to conceal the bribes. As the money changed hands, the defendants manufactured bogus relationships and contracts to lend the veneer of legitimacy. These included sham consulting agreements, a false real estate lease, under-the-table cash payments, and, in defendant Garcia's case, feigned attorney-client relationships. Defendant Garcia professes confusion about the specific accusations against him while simultaneously attempting to minimize his involvement. Even so, the Superseding Indictment is clear: the government alleges that defendant Garcia, an attorney, funneled bribes through his IOLTA account to disguise them as payments for legal services. By the defendants' design, the financial evidence is complex; Defendant Garcia and his confederates purposefully made it so, crafting elaborate shell games in

an attempt to obfuscate their scheme. This evidence is both complex and essential, and ample time is required to prepare its presentation.

The defendants' complex scheme and the investigation needed to expose it generated hundreds of thousands of documents, more than 100 recordings of witness interviews, and several electronic devices and accounts, each containing even more voluminous data. This volume of evidence alone is a valid basis for a court to designate a case as complex. *See, e.g., United States v. Edelkind*, 525 F.3d 388, 397 (5th Cir. 2008) ("The district court agreed that the case was complex, because many documents were involved.").

Given the combination of complicated, technical, and voluminous evidence, a complex case designation and a resulting continuance is warranted. A continuance will allow the parties time to review the voluminous discovery with their clients and to adequately prepare for pretrial and trial proceedings. Given the complexity of the case and the volume of discovery, the requested delay of 180 days is the type of reasonable delay that, under an ends of justice analysis, is "both inevitable and wholly justifiable." *United States v. Neal*, 27 F.3d 1035, 1043 (5th Cir. 1994) ("In examining the reasons for the delay [of a speedy trial], we must heed the Supreme Court's warning that 'pretrial delay is often both inevitable and wholly justifiable.'") (quoting *Doggett v. United States*, 505 U.S. 647 (1992)). This Court should reject defendant Garcia's opposition and grant the government's motion for a complex case designation and a continuance.

## II.   THE COURT SHOULD DENY DEFENDANT GARCIA'S MOTION FOR SEVERANCE

Should the Court grant the continuance requested by the government and unopposed by two of his codefendants, defendant Garcia seeks severance from his codefendants for trial. This request, too, is without merit and should be denied.

### A. Legal Standard

"Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995) (citing *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976)). Under Federal Rule of Criminal Procedure 8(b), two or more defendants may be charged in the same indictment if they are alleged to have participated in the same series of acts or transactions constituting an offense. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. McKinney*, 53 F.3d 664, 674 (5th Cir. 1995). This is particularly true where, as here, the indictment charges a conspiracy. *See, e.g.*, *United States v. Booker*, 334 F.3d 406, 415 (5th Cir. 2003) ("Defendants named in the same indictment should generally be tried together, particularly when they are allegedly members of a conspiracy.") (citing *United States v. Manges*, 110 F.3d 1162, 1174 (5th Cir. 1997)); *McKinney*, 53 F.3d at 674 ("As a rule, parties jointly indicted should be tried together, especially in conspiracy cases.").

Rule 14 provides the exception to this rule: "[i]f the joinder of offenses or defendants in an indictment, an information, or consolidation for trial appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). However, "[s]everance is a matter left to the sound discretion of the trial court, and a defendant is not entitled to severance unless he can demonstrate specific compelling prejudice that actually results in his having received an unfair trial." *United States v. Capote-Capote*, 946 F.2d 1100, 1104 (5th Cir. 1991). "The test for such prejudice is [w]hether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements,

and conduct." *United States v. Zicree*, 605 F.2d 1381, 1388-89 (5th Cir. 1979) (citing *United States v. Wasson*, 568 F.2d 1214, 1222 (5th Cir. 1978)).

### B. Defendant Garcia is not Entitled to a Severance

Defendant Garcia's motion finds no support in the law. As grounds for a severance, he maintains that he is less culpable than his codefendants. He reasons, therefore, that he risks being found guilty by association or as a result of spillover from the evidence against others. Were his logic correct, a severance would almost always be justified in a multi-defendant trial with variations in the volume of evidence and the culpability of codefendants. But this is not so. "A quantitative disparity in the evidence does not by itself warrant severance nor does the mere presence of a spillover effect." *United States v. Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994) (citing *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir.), *cert. denied*, 510 U.S. 898, *and cert. denied*, 510 U.S. 996 (1993)). A disparity in the volume of inculpatory discovery material relating to defendant Garcia would not entitle him to a separate trial. And although Defendant Garcia contends that "the vast majority of evidence admissible against [the co-defendants] would be inadmissible against Mr. Garcia alone," he fails to provide a single example of any such evidence.[1] Dkt. 59 at 5.

In any case, defendant Garcia's alarm is premature. The Court may guard against any undue spillover by instructing the jury to apply the evidence only to the defendant against whom it is offered. *See id.* Even when the evidence is "both massive and complex, "the court can "explicitly instruct[] the jury to consider each offense separately and each defendant individually."

---

[1] The defendant does not allege that the Indictment actually alleges multiple conspiracies—and nor could he, as the charged conduct involves core actors who "direct[ed] illegal activities, while various combinations of other participants exert[ed] individual efforts toward a common goal." *United States v. Richerson*, 833 F.2d 1147, 1154 (5th Cir.1987). In such a situation, joinder is proper. *United States v. Johnson*, No. CRIM.A. H-14-171S-3, 2015 WL 93907, at *5 (S.D. Tex. Jan. 7, 2015).

*United States v. Whitfield*, 590 F.3d 325, 356 (5th Cir. 2009). "Limiting instructions . . . are generally sufficient to prevent the threat of prejudice resulting from unsevered trials." *Id.* (internal quotation marks and citations omitted).

Moreover, defendant Garcia's claims of disparity of evidence ignores that he is charged in the two overarching conspiracy counts and in the honest services wires fraud counts. These counts cover the entirety of the criminal conduct charged in the Superseding Indictment. Therefore, evidence of the entire honest services wire fraud conspiracy, honest services wire fraud scheme, and money laundering scheme will be admissible in Defendant Garcia's trial, whether he is tried alone, or with his co-defendants. Plainly, therefore, he is incorrect that "[t]here are no issues of judicial economy that justify including Mr. Garcia in the main case." Dkt. 59 at 3-4. A trial of Defendant Garcia alone will be no different than a trial of all four defendants—the only difference will be that this Court will conduct the same trial twice.

Equally curious is Defendant Garcia's suggestion that "while [Garcia] is named in counts 2 – 7, neither the local prosecutors nor the ones in D.C. have been able to give a reason as to why he is named in those counts, nor does the discovery provide any elucidation on that point." Dkt. 59 at 4. The Superseding Indictment itself provides the answers for which Defendant Garcia searches. Count One charges him with conspiring to execute a scheme to defraud the people of Weslaco of the honest services of two of their city commissioners, and Counts Two through Seven allege that he and others actually executed that scheme. That several defendants conspired to commit a substantive offense and actually committed the substantive offense is a relatively ordinary allegation. His confusion is misplaced.

Even more specifically, paragraphs 1-79 of the Indictment provide intricate detail of the conspiracy to engage in an honest services wire fraud scheme. These counts detail Defendant

Garcia's involvement. Counts Two through Seven—which incorporate paragraphs 1-79—allege that, in addition to conspiring to execute the scheme to defraud, Defendant Garcia and his codefendants actually executed the scheme to defraud. These counts further allege that for the purpose of executing the scheme, the codefendants sent or caused to be sent the listed wire communications. It is hard to imagine what additional detail could have been provided had Defendant Garcia chosen to file the bill of particulars he claims to have foregone.

Finally, Defendant Garcia also claims that a trial against him would be substantially different because he may present a statute of limitations defense. Dkt. 59 at 3. Setting aside that the Superseding Indictment plainly alleges acts in furtherance of the two conspiracy counts and the honest services wire fraud scheme within the statutory period, the affirmative defense that a prosecution is barred by the statute of limitations will not add complexity to the case.

Defendant Garcia has demonstrated no serious risk that he will suffer specific and substantial prejudice if he is tried with his codefendants. As a result, he is not entitled to a separate trial. The Court should deny his motion.

## **CONCLUSION**

WHEREFORE, premises considered, the government prays that the government's Opposed Motion for Continuance and to Designate Case as Complex [Dkt 58] be granted and defendant Garcia's Motion for Severance [Dkt. 59] be denied.

Respectfully submitted,

| | |
|---|---|
| RYAN K. PATRICK | ANNALOU TIROL |
| United States Attorney | Acting Chief, Public Integrity Section |
| | |
| */s/ Roberto Lopez, Jr.* | */s/ Peter M. Nothstein* |
| Roberto Lopez, Jr. | Peter M. Nothstein |
| Assistant United States Attorney | Jessica C. Harvey |

| | |
|---|---|
| State Bar No. 24074617 | Trial Attorneys |
| 1701 West Business 83, Suite 600 | Public Integrity Section, Criminal Division |
| McAllen, Texas 78501 | Email: Peter.Nothstein@usdoj.gov |
| Phone: 956-618-8010 | Email: Jessica.Harvey@usdoj.gov |
| Fax: 956-618-8009 | (202) 514-2401 |
| | Peter.Nothstein@usdoj.gov |
| | Jessica.Harvey@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will, in turn, send notification of said filing to all counsel of record through the CM/ECF System.

*/s/ Peter M. Nothstein*
Peter M. Nothstein
DOJ Trial Attorney