IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | Criminal No. 7:19-cr-00522-1 |
| RICARDO QUINTANILLA, et. al. | § § | |

**(REVEAL THE DEAL)**
**MOTION TO REVEAL SPECIAL CONSIDERATIONS**
**GRANTED TO GOVERNMENT WITNESSES**

Defendant, Ricardo Quintanilla, moves the Court for an Order requiring the Government to disclose on the record in this case, the following information favorable to Defendant:

1. The name of any informants in this case.

2. The full nature and extent of all immunity granted to any confidential informer or any of the prosecution's witnesses in this case, including the nature and details of all crimes as to which such immunity was granted.

3. Whether any other special consideration has been given or promised to any confidential informer or any such witnesses by the Department of Justice or, Federal Bureau of Investigation, Drug Enforcement Agency, United States Customs, Internal Revenue Service or by any division of the United States or any political subdivision of the State in exchange for testimony, information or cooperation of any type.

4. Whether any agreement, understanding or arrangement has been made between the Government and any confidential informer or any party or individual with information concerning the charges in this case affecting or relating to the party's or individual's availability as a witness.

5. Whether the confidential informer was paid a fee or salary or commission or was promised a fee, salary or commission in exchange for his testimony, information or cooperation of any type in this case or any other case, and if so, the specific amounts paid or promised.

6. The number of times the confidential informer has assisted any law enforcement authorities, such as providing testimony, information or cooperation of any type.

7. A copy of the confidential informer's prior criminal record, if any.

8. The Supreme Court in *Giglio vs. United States*, 405 U.S. 150 (1972), held that when the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within the rule that the suppression of this material evidence justifies a new trial irrespective of the good faith or bad faith of the prosecution.

Dated: September 20, 2019

Respectfully submitted,

PEÑA ALECZANDER
3900 N. 10th St., Suite 1050
McAllen, TX 78501
Tel.: (956) 948-2221
Fax: (956) 888-422-6821

By: /s/ Jaime Peña
Jaime Peña, Esq.
State Bar No.: 90001988
Federal ID No. 289815
jpena@pgglex.com

Robert Casas Steindel
3827 N. 10th Street, Suite 302
McAllen, Texas 78501
(956) 800-1137 Phone
(956) 800-1138 Fax
Rsteindel96@gmail.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF CONFERENCE**

A copy of the motion was forwarded to the Government and it indicated that it is opposed.

By: /s/ Jaime Peña
Jaime Peña

## **CERTIFICATE OF SERVICE**

This is to certify that on September 20, 2019, a true and correct copy of this motion was served on all parties of record via ECF.

By: /s/ Jaime Peña
Jaime Peña