IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | Criminal No. 7:19-cr-00522-1 |
| RICARDO QUINTANILLA, et. al. | § | |

**DEFENDANT'S MOTION IN LIMINE AND/OR MOTION TO EXCLUDE**

COMES NOW, RICARDO QUINTANILLA, Defendant and moves before trial for an Order excluding or, in the alternative, an Order on this Motion in Limine instructing the Attorney for the Government, its representatives, and witnesses to refrain from making any direct or indirect reference whatsoever at trial before the jury of any of the following until a hearing has been held outside the presence of the jury to determine its admissibility:

1. **Co-Conspirator Hearsay Statements.** Any out-of-court statements purportedly made by an indicted or unindicted "co-conspirator" which directly or indirectly referred to Defendant, or which otherwise may be used to incriminate Defendant without first properly establishing the necessary foundation.

Statements that would otherwise be hearsay are admissible if they are "by a co-conspirator of a party during the course and in furtherance of the conspiracy." FRE 801(d)(2)(E). However, to establish a foundation for admission of evidence under this Rule, the Government must first show "(1) the existence of a conspiracy, (2) [that] the statement was made by a co-conspirator of a party, (3) the statement was made during the course of the conspiracy, and (4) the statement was made in furtherance of the conspiracy." *United States v. Robinson,* 367 F.3d 278, 291 (5th Cir.2004). The statement itself must be considered but cannot by itself establish "the existence

1

of the conspiracy or participation in it." FRE 801(d)(2). In other words, there must be "independent evidence" establishing the conspiracy. *United States v. El–Mezain,* 664 F.3d 467, 502 (5th Cir.2011). In the present case, any out-of-court statements by co-conspirators that the Government seeks to admit at trial should be excluded. In the alternative, it should be carefully reviewed by the Court before its admission, and should be admitted only if the Government satisfies the burden set for above outside the presence of the jury and before any reference in opening statements, a party's case-in-chief, or closing argument. In addition, if the Court allows the statements to be referenced or admitted subject to the Government satisfying its burden of proof later during trial, and the Government fails to satisfy that burden, the jury will have heard the damaging statements and will have difficulty not considering them in their deliberations, even if the Court gives a curative instruction.

2. **FRE 404(a) Character Evidence.** Any statements or evidence of the Defendant's character or character trait in order to prove that on a particular occasion the Defendant acted in accordance with the character or trait. FRE 404(a).

First, Defendant requests that any evidence pertaining to FRE 404(a) type matters *not identified and provided* pursuant to the Court's Discovery Order be excluded. (Dkt. #12). Second, if the Government intends to admit any such statements or evidence *it claims that it provided or made available* in discovery, Defendant requests that the Government specifically identify and independently produce such statements or evidence prior to trial and describe how it intends to use it, so that the Court can conduct a hearing outside the presence of the jury to determine its admissibility. Third, if the Government intends to use such evidence *for another purpose*, Defendant requests that the Government provide notice of any such evidence the Government intends to offer and its purpose so that the Court can determine its admissibility.

3. **FRE 404(b) Crimes, Wrongs & Other Acts.** Any statements or evidence of any crimes, wrongs & other acts. FRE 404(b).

Defendant requests that any evidence pertaining to FRE 404(b) type matters *not identified and provided* pursuant to the Court's Discovery Order (Dkt. #12) be excluded. However, if the Government intends to admit any such statements or evidence *it claims that it provided or made available* in discovery, Defendant requests that the Government specifically identify and independently produce such statements or evidence prior to trial and describe how it intends to use it, so that the Court can conduct a hearing outside the presence of the jury to determine its admissibility. Finally, if the Government intends to use such evidence *for another purpose*, Defendant requests that the Government provide notice of any such evidence the Government intends to offer and its purpose so that the Court can determine its admissibility. FRE 404(b)(2).

4. **Expert Testimony.** The Government has not given notice of its intent to use expert witnesses at the time of the filing of this motion. As such, Defendant seeks the exclusion, or in the alternative a Motion in Limine, of any evidence in the form of "expert," "scientific," or non-scientific or so-called "soft" expert testimony from any Government witnesses as insufficient under FRCrP 16 and FRE 702, 703, and 705. In addition, the opinions are irrelevant and immaterial under FR. 401 and unfairly prejudicial under FRE 403. Further, if the Government intends to use such evidence at trial, Defendant requests reasonable notice of any such evidence the Government intends to offer at trial–in compliance with FRCrP 16 and FRE 702, 703, and 705–so that if may be addressed before the Court out of the presence of the jury.

5. **FRCrP 16 and Discovery Order Violation.** Defendant requests the exclusion (or in the alternative a Motion in Limine) of any testimony or evidence directly or indirectly related to undisclosed evidence or witnesses in violation of FRCrP 16 and this Court's Discovery Order. (Dkt.

#12). Further, if the Government intends to use such evidence at trial, Defendant requests reasonable notice in advance of trial of any such evidence the Government intends to offer at trial so that it may be addressed before the Court out of the presence of the jury.

**WHEREFORE,** the Defendant prays that this Honorable Court order the exclusion of the evidence described in the motion, in whole or in part, or in the alternative instruct the attorney for the Government, its representatives, and its witnesses not to elicit or give testimony, allude to, cross-examine, mention, or refer to any of the matters described in the presence and hearing of the jury until a hearing has been held outside the presence of the jury and before this Honorable Court.

Dated: September 20, 2019

                                                Respectfully submitted,

PEÑA ALECZANDER
3900 N. 10th St., Suite 1050
McAllen, TX 78501
Tel.: (956) 948-2221
Fax: (956) 888-422-6821

By:   /s/ Jaime Peña
      Jaime Peña, Esq.
      State Bar No.: 90001988
      Federal ID No. 289815
      jpena@pgglex.com

Robert Casas Steindel
LAW OFFICE OF ROBERT CASAS STEINDEL
3827 N. 10th Street, Suite 302
McAllen, Texas 78501
(956) 800-1137 Phone
(956) 800-1138 Fax
Rsteindel96@gmail.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF CONFERENCE**

A copy of the motion was forwarded to the Government requesting its position but it has not responded whether it is in opposition to this motion or not.

                By: /s/ Jaime Peña
                      Jaime Peña

## **CERTIFICATE OF SERVICE**

This is to certify that on September 20, 2019, a true and correct copy of this motion was served on all parties of record via ECF.

                By: /s/ Jaime Peña
                      Jaime Peña