UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNTED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. 19-CR-522-1 |
| § | |
| RICARDO QUINTANILLA, § | |
| § | |
| Defendant.  § | |

**OPPOSED MOTION FOR CONTINUANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas and the Chief of the Public Integrity Section of the Criminal Division of the Department of Justice and respectfully submits this Motion for Continuance. Counsel for defendant Ricardo Quintanilla has indicated to the government that he opposes this motion.

**FACTS**

On March 26, 2019, a Grand Jury sitting in the Southern District of Texas, McAllen Division, returned an 18-count indictment [Dkt. 1] against defendant Ricardo Quintanilla, charging him with one count of conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349; six counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346; one count of federal program bribery, in violation of 18 U.S.C. § 666(a)(2); one count of conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h); eight counts of money laundering, in violation of 18 U.S.C. § 1956(a); and one count of violating the Travel Act, in violation of 18 U.S.C. § 1952. Defendant Quintanilla was arraigned on that indictment on April 1, and on that same day, the Court scheduled jury selection for defendant Quintanilla's

trial to commence on May 7, 2019.

On April 9, 2019, a Grand Jury sitting in the Southern District of Texas, McAllen Division, returned a 74-count superseding indictment [Dkt. 30] against defendants Quintanilla, Arturo C. Cuellar, Jr., John F. Cuellar, and Daniel J. Garcia. The superseding indictment charges all defendants with one count of conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349; six counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346; and one count of conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h). Defendants Quintanilla, Arturo Cuellar, and John Cuellar are charged with one count each of federal program bribery, in violation of 18 U.S.C. § 666. Defendant Quintanilla is charged with eight counts of money laundering, and defendants Arturo Cuellar, Jr. and John Cuellar are charged with 27 counts of money laundering, all in violation of 18 U.S.C. § 1956(a). Defendant Quintanilla is charged with one count, and defendants Arturo Cuellar, Jr. and John Cuellar are charged with 27 counts, of violating the Travel Act, in violation of 18 U.S.C. § 1952.

In addition to adding new defendants and counts, the superseding indictment added new factual allegations pertinent to all four defendants. All four defendants were arraigned on the superseding indictment on April 18, 2019, and entered pleas of not guilty to all charges. The Court entered a scheduling order setting jury selection for June 4, 2019.[1]

On May 29, 2019, this Court designated this case as complex and continued the trial date to December 2, 2019. Minute Entry, May 29, 2019.

On October 22, 2019, this Court granted a Motion to Continue by defendant Quintanilla, which was unopposed by remaining defendants Arturo C. Cuellar, Jr. and Daniel J. Garcia, and continued the trial date to February 6, 2020. Dkt. 121.

---

[1] On May 1, 2019, this Court granted the government's Unopposed Motion for Continuance [Dkt. 44], setting defendant Quintanilla on the sane trial schedule as the remaining defendants.

On January 17, defendant Arturo C. Cuellar, Jr. moved for a continuance, unopposed by the government and defendant Daniel J. Garcia. Defendant Cuellar, Jr. represented that "Counsel for Defendant Ricardo Quintanilla did not respond to request for position of Defendant's Motion to Continue but had been in a month-long Jury trial before the Honorable Judge Ricardo Hinojosa until this week." Def.'s Mot. at 2 (Jan. 17, 2020). The basis for the continuance was that the government had only recently produced to all counsel a large amount of discovery—more than one terabyte—that had only recently passed a filter review process. *Id*. at 1. Defendant Quintanilla did not file an opposition to the motion to continue.

On January 23, 2020, this Court granted the motion for continuance, finding that the failure to grant the continuance "would likely make a continuation of such proceeding impossible or result in a miscarriage of justice," and "that the ends of justice served by granting such continuance outweigh the best interest of the public and the defendant in a speedy trial." Dkt. 146 at 1. The Court ordered that "this case is continued for the reasons stated above." *Id*. However, while the Order continued "the case," the Order was captioned only with the names and numbers of defendants Cuellar, Jr. and Garcia, but did not specifically address the status of defendant Quintanilla.

## **ARGUMENT**

The government therefore moves to continue the trial of Ricardo Quintanilla, to the extent that such a continuance has not already been granted by this Court's order of January 23, 2020. The basis for the requested continuance is twofold.

First, as stated by defendant Cuellar, Jr. in his motion to continue, in just the last two weeks the government has produced to all defendants discovery which has only recently completed a filter review for privileged information. That discovery is larger than one terabyte;

there is not sufficient time for any counsel to review such information and be prepared for trial on February 6, 2020.  The Court has already found that in this circumstance, the "failure to grant the continuance "would likely make a continuation of such proceeding impossible or result in a miscarriage of justice," and "that the ends of justice served by granting such continuance outweigh the best interest of the public and the defendant in a speedy trial."  Dkt. 146 at 1.  Furthermore, this Court has already designated this case as complex under the Speedy Trial Act. (Minute Entry, May 29, 2019); *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

Second, defendant Quintanilla has not moved for, and this Court has not granted, a severance of defendant Quintanilla from his co-defendants, all of whom are charged in the same conspiracy and honest services fraud scheme.  *See* Dkt. 30 at 5, 19.  This Court has also already denied a motion for severance by defendant Garcia, acknowledging that severance is not appropriate in this case.  (Minute Entry, May 29, 2019).  No severance should be granted, even if one is later requested by defendant Quintanilla. "Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995) (citing *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976)).  "Defendants named in the same indictment should generally be tried together, particularly when they are allegedly members of a conspiracy." *United States v. Booker*, 334 F.3d 406, 415 (5th Cir. 2003) (citing *United States v. Manges*, 110 F.3d 1162, 1174 (5th Cir. 1997)); *United States v. McKinney*, 53 F.3d 664, 674 (5th Cir. 1995) ("As a rule, parties jointly indicted should be tried together, especially in conspiracy cases."); *see Zafiro v. United States*, 506 U.S. 534, 537 (1993).  The evidence against all of the defendants overlaps or is identical, so severing any defendant would result in this Court trying this case more than once, significantly wasting judicial resources.

Therefore, the government respectfully requests that this Court continue the trial of defendant Ricardo Quintanilla to the same trial setting as his co-defendants Arturo C. Cuellar, Jr. and Daniel J. Garcia, to the extent that this Court's Order of January 23, 2020 [Dkt. 146] did not already do so.

## CONCLUSION

WHEREFORE, premises considered, the government prays its Motion be granted in all respects.

Respectfully submitted,

| | |
|---|---|
| RYAN K. PATRICK<br>United States Attorney | COREY R. AMUNDSON<br>Chief, Public Integrity Section |
| */s/ Roberto Lopez, Jr.*<br>Roberto Lopez, Jr.<br>Assistant United States Attorney<br>State Bar No. 24074617<br>1701 West Business 83, Suite 600<br>McAllen, Texas 78501<br>Phone: 956-618-8010<br>Fax:  956-618-8009 | */s/ Peter M. Nothstein*<br>Peter M. Nothstein<br>Marco A. Palmieri<br>Trial Attorneys<br>Public Integrity Section, Criminal Division<br>(202) 514-2401<br>Peter.Nothstein@usdoj.gov<br>Marco.Palmieri@usdoj.gov |

## CERTIFICATE OF CONFERENCE AND SERVICE

I hereby certify that on this 28th day of January 2020, I conferred with counsel for defendant Ricardo Quintanilla, who indicated he is opposed to this Motion.  On January 29, 2020, I filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will, in turn, send notification of said filing to all counsel of record through the CM/ECF System.

*/s/ Peter M. Nothstein*
Peter M. Nothstein
DOJ Trial Attorney